No. 04-527

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 28N

DOUGLAS BOESE,

  Plaintiff and Appellant,

 v.

JAMES MacDONALD,

  Defendant and Respondent.

APPEAL FROM:  District Court of the Ninth Judicial District,
      In and For the County of Toole, Cause No. DV 04-018
      Honorable Marc G. Buyske, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

    Douglas R. Boese, *Pro Se*, Shelby, Montana

  For Respondent:

    David McLean; Browning, Kaleczyc, Berry & Hoven,
    Missoula, Montana

Submitted on Briefs: January 11, 2005

Decided: February 15, 2005

Filed:

_____
       Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2     Douglas Boese initiated an action in the Small Claims Division of the Toole County Justice Court alleging damages to his television resulting from a cell search at Crossroads Correctional Center (CCC), where he was incarcerated. James MacDonald was the warden at CCC. The Justice Court entered a decision in favor of the defendant, and Boese appealed to the District Court for the Ninth Judicial District, Toole County. The District Court affirmed the decision of the Justice Court. Boese appeals, and we affirm.

¶3     Boese sets forth three issues: whether the District Court erred in accepting the defendant's brief because it was untimely, whether the court erred in ignoring Boese's motion for default judgment, and whether the court's judgment should be set aside because the court demonstrated bias against inmates filing from CCC.

¶4     We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶5 Although Boese states he did not receive a copy of the defendant's brief until June 22, 2004, the record reveals the brief was filed with the Clerk of the District Court on June 7, 2004, within the time allowed. The critical date is the date the brief was filed, not the date on which Boese received a copy. As a result, the remaining two issues, in which Boese argues the court improperly ignored his motion for default judgment and demonstrated bias-- which argument is based on the premise that the defendant's brief was belatedly accepted for filing and that the District Court wrongly ignored his motion for default judgment--must fail.

¶6 In his reply brief, Boese raises additional claims. We do not consider issues raised for the first time in a reply brief. *Pengra v. State*, 2000 MT 291, ¶ 13, 302 Mont. 276, ¶ 13, 14 P.3d 499, ¶ 13 (citation omitted).

¶7 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA O. COTTER
/S/ JIM RICE